**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.D., L.D., and C.D.**

**No. 21-0697** (Kanawha County 20-JA-251, 20-JA-252, and 20-JA-253)

**MEMORANDUM DECISION**

Petitioner Father M.D., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's August 5, 2021, order terminating his parental rights to A.D., L.D., and C.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Bryan B. Escue, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the mother based upon allegations of drug abuse. Specifically, the DHHR alleged that then nine-year-old C.D. reported the parents abused drugs. According to C.D., the parents "w[ould] stay awake for days at a time and then sleep for long periods of time," would not feed the children or change the youngest child's diaper, and frequently invited guests into their home to smoke things out of pipes. Other family members also reported that the parents abused drugs. The DHHR alleged that petitioner sold the family's food stamps for drugs and tested positive for methamphetamine earlier that month. As such, the DHHR concluded that the parents failed to provide the children with necessary food, clothing, supervision, and housing, and that the parents were not sufficiently motivated to provide for the needs of the children on an ongoing basis.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in July of 2020 and, after hearing testimony, adjudicated petitioner as an abusing parent, specifically relying on testimony regarding C.D.'s disclosures and petitioner's positive drug screen. Petitioner requested a post-adjudicatory improvement period, and the circuit court granted him the same. As part of the terms and conditions, the circuit court ordered petitioner to participate in parenting and adult life skills classes, submit to random drug screens, obtain and maintain suitable housing, and participate in supervised visits with the children (contingent upon negative drug screens).

Petitioner initially participated in services and tested negative during drug screens such that he was granted unsupervised visitation with the children. However, around February or March of 2021, petitioner ceased submitting to drug screens. In a DHHR report, the ongoing Child Protective Services ("CPS") worker noted that petitioner and the mother failed to appear for a screen, and providers were sent to the home to perform a drug screen on the parents. The provider for the mother arrived at the home first and informed petitioner that another provider would be arriving soon thereafter to screen him. However, by the time that provider arrived, petitioner had left the home and could not be located. The CPS worker noted that visits with the children were suspended at that time.

In July of 2021, the circuit court held a dispositional hearing. The ongoing CPS worker testified that the DHHR recommended that petitioner's parental rights be terminated. The CPS worker testified that the petition was filed based upon allegations of drug abuse and that petitioner failed a drug screen in May of 2021, and thereafter ceased submitting to drug screens. According to the CPS worker, petitioner never completed any drug treatment and failed to obtain suitable housing.

Petitioner testified that he was living with a friend but "still ha[d his] apartment." Petitioner also stated that he recently applied for housing assistance through Housing and Urban Development ("HUD") and had been approved for housing assistance. Petitioner denied testing positive for methamphetamine in May of 2021, stating "I hadn't touched meth in a long time." Petitioner stated that he ceased submitting to screens afterward because of communication problems, which he attributed to his assigned CPS worker. Petitioner claimed that he was not able to complete parenting or adult life skills classes because those services were never arranged. Petitioner was not employed.

After hearing testimony, the circuit court found that petitioner left a drug rehabilitation program without completing it and missed several drug screens throughout the proceedings. According to the circuit court, petitioner participated in some services but failed to make any improvement in his behavior. Further, petitioner had no employment or suitable housing. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner appeals the circuit court's August 5, 2021, dispositional order terminating his parental rights.[2]

---

[2]The mother's parental rights to the children were also terminated below. The permanency plan for those children is adoption by their foster family.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. According to petitioner, he complied with services for an extended period. He testified at the dispositional hearing that he had just been approved for financial assistance with housing through HUD. Petitioner further testified that he would be willing to resume submitting to drug screens. Petitioner contends that he submitted numerous negative drug screens throughout the proceedings and his "brief hiccup in screening" should not have prevented him from regaining custody of the children. As such, petitioner argues, he should have been permitted more time to comply with services.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d)(3) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The record establishes that petitioner failed to follow through with services designed to reduce or prevent the abuse or neglect of the children. While petitioner participated in his improvement period for a portion of the proceedings below, he eventually relapsed on methamphetamine and ceased submitting to drug screens. Petitioner denied abusing methamphetamine and disputed the results of his positive drug screen. Further, petitioner admitted during his testimony at the dispositional hearing that he did not complete parenting or adult life

skills classes and that he had not attained appropriate housing for the children and was living with a friend. Accordingly, the circuit court found that petitioner failed to make any improvement in his behavior, missed several drug screens, and failed to obtain housing or employment. Under these circumstances, petitioner's failure to successfully complete his improvement period was sufficient to support the circuit court's determination that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

To the extent petitioner argues that he should have been given more time to comply with services, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner failed to remedy to the conditions of abuse and neglect and, thus, termination of his parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 5, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton